IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS,<br><br>*Plaintiff*,<br><br>v.<br><br>ALO AESTHETICS LLC,<br><br>*Defendant*. | Case No. 3:25-cv-2629<br><br>**DEMAND FOR JURY TRIAL** |

**ORIGINAL COMPLAINT FOR COPYRIGHT INFRINGEMENT AND REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION**

Plaintiff TAMARA WAREKA p/k/a TAMARA WILLIAMS, by and through her undersigned counsel, brings this Complaint against Defendant ALO AESTHETICS LLC, and alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action seeking damages and injunctive relief for copyright infringement and removal of copyright management information under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*. and 17 U.S.C. § 1202.

**PARTIES**

2. Tamara Williams ("Williams") is an individual and professional photographer residing in Germany.

3. Upon information and belief, Alo Aesthetics LLC ("Alo") is a Texas limited liability company with its principal place of business at 6800 Heritage Parkway, Suite 105, Rockwall TX 75087

4. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of Alo.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction over Plaintiff's copyright claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyrights).

6. This Court has personal jurisdiction over Defendant because Defendant has a physical presence in the State of Texas and/or Defendant transacts business in the State of Texas.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)-(d) and/or §1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred and/or this civil action arises under the Copyright Act of the United States, and Defendants or their agents reside or may be found in this judicial district.

## FACTUAL ALLEGATIONS

8. Tamara Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Williams is most well-known for her natural and clean portraiture featured on her highly popular Instagram account @tamarawilliams, which has amassed almost 600,000 followers.

9. Williams' work has been featured in top publications such as *Vogue*, *Harper's Bazaar*, *Marie Clare*, *Elle*, *L'Officiel*, *Glamour*, *Cosmopolitan*, *Maxim*, and many more. Additionally, her work has been used commercially by brands such as NARS, KKW, Fenty, and Benefit.

10. Williams's livelihood depends on receiving compensation for the photographs she produces, and the copyright protection afforded to Williams's work deters would-be infringers from copying and profiting from her work without permission.

11. Williams' works often contain a watermark of her previous Instagram handle "@tamarawilliams1" or, alternatively, her updated Instagram handle "@tamarawilliams" ("Plaintiff's Watermark").

12. Williams is the sole author and exclusive rights holder to a close-up beauty photograph of a model with sharp winged eyeliner and a stand of blonde hair falling in front of her face ("Angelia Photograph").

13. Attached as Exhibit A is a true and correct copy of the Angelia Photograph.

14. Plaintiff's Watermark is included in the Angelia Photograph and is visible in the model's hair. *See* Exhibit A.

15. Williams registered the Angelia Photograph with the United States Copyright Office under Registration Number VA 2-259-542 ("the '542 Registration") with an Effective Date of Registration of July 13, 2021. Attached as Exhibit B is a true and correct copy of the Copyright Registration Certificate for the Angelia Photograph.

16. The Angelia Photograph is listed as "IMG_8578_AngeliaA_06072021.JPG" on page 1 of the '542 Registration. *See* Exhibit B, p. 1.

17. Alo is a cosmetic medical spa offering services such as injections, facials, and more. *See generally* www.aloaestheticsmedspa.com.

18. Upon information and belief, Alo owns and operates the Instagram account @nurse.injector.april www.instagram.com/nurse.injector.april ("Alo Instagram Account").

19. Upon information and belief, Alo owns and operates the Facebook page "ALO Aesthetics Med Spa" www.facebook.com/aloaestheticsmedspa ("Alo Facebook Account").

20. The Alo Instagram Account and Alo Facebook Account shall be jointly referred to as "Alo Social Media Accounts."

21. At all relevant times, the Alo Social Media Accounts were readily accessible to the general public throughout Texas, the United States, and the world.

22. Alo generates content on the Alo Social Media Accounts for commercial purposes to attract user traffic to Alo, to market and promote Defendant's services, and to increase the customer base and revenue for Defendants.

23. At all relevant times, Alo had a direct financial interest in the content and activities of the Alo Social Media Accounts (including the activities alleged in this Complaint).

24. At all relevant times, Alo had the ability to supervise and control all content on the Alo Social Media Accounts.

### *Defendant's Unauthorized Use of the Angelia Photograph and Willful Infringement*

25. On or about April 10, 2023, Williams discovered her Angelia Photograph being used in a post on the Alo Instagram Account with the caption "Your lips are waiting…" ("Instagram Infringement").

26. Attached hereto as Exhibit C is a true and correct screenshot of the Angelia Photograph as used in the Instagram Infringement on the Alo Instagram Account.

27. On or about April 10, 2023, Williams discovered her Angelia Photograph being used in a post on the Alo Facebook Account with the caption "Your lips are waiting…" ("Facebook Infringement").

28. Attached hereto as Exhibit D is a true and correct screenshot of the Angelia Photograph as used in the Facebook Infringement on the Alo Facebook Account.

29. The Instagram Infringement and the Facebook Infringement shall be jointly referred to as the "Infringing Posts."

30. In both Infringing Posts, Alo removed and/or covered Plaintiff's Watermark by blurring the Angelia Photograph to hide Plaintiff's Watermark from view. *See* Exhibit A.

31. Attached hereto as Exhibit E are true and correct copies of Plaintiff's Angelia Photograph, zoomed in, showing Plaintiff's Watermark, along with a true and correct copies of the Infringing Posts, zoomed in, showing where Defendant blurred out or otherwise covered Plaintiff's Watermark.

32. The purpose of the use of the Infringing Posts on the Alo Social Media Accounts was to provide high-quality and aesthetically pleasing content congruent with Defendant's marketing goals to entice users to book an appointment for services with Defendant.

33. The purpose of the use of the Angelia Photograph in the Infringing Posts was to promote Defendant's services by providing visual content in the form of a high-quality, professionally produced photograph to assist the viewer in visualizing the results that could be achieved with Defendant's services.

34. Williams did not provide permission or authorization to Defendant to use, reproduce, distribute copies of, or publicly display the Angelia Photograph on the Alo Social Media Accounts.

35. Williams did not provide permission or authorization to Defendant to blur, crop, obscure, or in any way alter Plaintiff's Watermark as included in the Angelia Photograph.

36. Defendant (including its employees, agents, contractors or others over whom it has responsibility and control) created an unauthorized copy of the Angelia Photograph and caused it to be uploaded to (*i.e.*, reproduced) and publicly displayed on the Alo Social Media Accounts.

37. Defendant (including its employees, agents, contractors or others over whom it has responsibility and control) modified Plaintiff's Watermark as included in the Angelia Photograph and caused the unauthorized copy to be uploaded to (*i.e.*, reproduced) and publicly displayed on the Alo Social Media Accounts without Plaintiff's copyright management information.

38. Defendant (including its agents, contractors or others over whom they have responsibility and control) used, reproduced, displayed, published, and otherwise held out to the public Williams's original and unique Angelia Photograph in order to acquire a direct financial benefit, through revenue from the sales of Alo's services and products, from the use of the Angelia Photograph.

39. After discovering the unauthorized use of the Angelia Photograph, Williams, through counsel, sent correspondence to Defendant in an attempt to resolve this matter.

40. The parties were unable to resolve the matter.

41. Defendant's improper and willful conduct, complained of herein, has caused Plaintiff Williams irreparable harm, and such harm will continue unless and until Defendant's improper conduct is enjoined by the Court.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101, *et seq.*

42. Williams incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. Williams owns valid copyrights in the Angelia Photograph

44. Williams registered the Angelia Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

45. Defendants (including the employees, agents, contractors or others over whom they have responsibility and control) copied, reproduced, and publicly displayed Williams's unique and original Angelia Photograph without Williams's consent or authorization in violation of 17 U.S.C. § 501.

46. Defendants willfully and deliberately infringed upon Williams's rights in her copyrighted Angelia Photograph in violation of Title 17 of the U.S. Code because, *inter alia,* Defendants knew, or should have known, they did not have a legitimate license or permission to use Angelia Photograph.

47. As a result of Defendants' violations of Title 17 of the U.S. Code, Williams has sustained significant injury and irreparable harm.

48. As a result of Defendant's violations of Title 17 of the U.S. Code, Williams is entitled to actual damages and profits attributable to Defendant's infringement, pursuant to 17 U.S.C. §504(b), or at Williams's election, statutory damages pursuant to 17 U.S.C. § 504(c).

49. As a result of Defendant's violations of Title 17 of the U.S. Code, Williams is entitled to injunctive relief to prevent or restrain infringement of her copyright pursuant to 17 U.S.C. § 502.

50. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs from Defendant as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

## SECOND CAUSE OF ACTION
### REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION
### 17 U.S.C. § 1202(a)

51.  Williams incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52.  Defendant (including its employees, agents, contractors or others over whom they have responsibility and control) knowingly and intentionally removed copyright management information related to the Angelia Photograph with the intent to induce, enable, facilitate, or conceal its infringement of the Angelia Photograph.

53.  Specifically, Defendant made an unauthorized copy of the Angelia Photograph and, knowing it was not the rightful copyright owner of the Angelia Photograph, concealed Plaintiff's Watermark on the Angelia Photograph before incorporating the Angelia Photograph in the Instagram Post on the Alo Social Media Accounts.

54.  Defendant intended to enable and conceal their infringement by intentionally cropping, blurring, or otherwise concealing Plaintiff's Watermark, as it was included in the original image, to mislead the public to believe that Alo was the rightful copyright owner of the Angelia Photograph.

55.  Defendant's conduct constitutes a violation of 17 U.S.C. § 1202(b).

56. As a result of Defendant's violations of 17 U.S.C. § 1202(b), Williams has sustained significant injury and irreparable harm.

57. As a result of Defendant's violations of 17 U.S.C. § 1202(b), Williams is entitled to any actual damages and profits attributable to the violations of 17 U.S.C. § 1202(b), or in the alternative, Williams may elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a pursuant to 17 U.S.C. § 1202(b).

58. As a result of Defendant's violations of 17 U.S.C. § 1202(b), Williams is entitled to injunctive relief to prevent or restrain Defendant from removing copyright management information from Plaintiff's copyrighted works pursuant to 17 U.S.C. § 1203.

## DEMAND FOR JURY TRIAL

Plaintiff, Tamara Williams, hereby demands a trial by jury in the above matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Williams prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Williams's copyright interest in the Angelia Photograph by copying, reproducing, and publicly displaying it without a license or consent;

- For an award of actual damages and disgorgement of all of profits attributable to the copyright infringement, as provided by 17 U.S.C. § 504(b), in an amount to

be proven or, in the alternative, and at Williams's election, an award of statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(c);

- For an injunction preventing Defendant, and all others in active concert with Defendant, from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;

- For a finding that Defendant knowingly removed copyright management information on the Angelia Photograph with the intent to induce, enable, facilitate, or conceal infringement of the Angelia Photograph, pursuant to 17 U.S.C. § 1202(a);

- For an award of statutory damages for each violation of § 1202(b) in a sum pursuant to 17 U.S.C. § 1203(c)(3)(B);

- For an injunction to prevent and restrain Defendant, and all others in active concert with Defendant, from removing copyright management information from Plaintiff's copyrighted works pursuant to 17 U.S.C. § 1203;

- For costs of litigation and reasonable attorney's fees pursuant to 17 U.S.C. § 505 and § 1203(b);

- For prejudgment and post-judgment interest as permitted by law; and

- For all other relief the Court deems just and proper.

| | |
|---|---|
| Dated: September 28, 2025 | Respectfully submitted,<br>**/s/ Mathew K. Higbee**<br>Mathew K. Higbee, Esq.<br>Bar No. 24076924<br>**HIGBEE & ASSOCIATES**<br>15900 La Cantera Parkway #26255<br>San Antonio, TX 78256<br>(813) 710-3013<br>(714) 597-6729 facsimile<br>mhigbee@higbee.law<br><br>Steven E. Ross<br>Texas Bar No. 17305500<br>**MAXUS Legal PLLC**<br>5050 Quorum Drive, Suite 700<br>Dallas, Texas 75254<br>Phone: 972-661-9400<br>Facsimile: 972-661-9401<br>Email: sross@maxuslegal.com<br><br>**ATTORNEYS FOR PLAINTIFF TAMARA WAREKA p/k/a TAMARA WILLIAMS** |