UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

TAMARA WAREKA p/k/a          §
TAMARA WILLIAMS              §
                            §
        *Plaintiff,*         §
                            §
v.                          §      Civil Action No. 3:25-CV-2629-x
                            §
ALO AESTHETICS LLC,          §
                            §
        *Defendant.*         §

**MEMORANDUM OPINION AND ORDER AND
FINAL JUDGMENT**

Before the Court is Plaintiff Tamara Wareka, p/k/a Tamara Williams's (Williams) motion for default judgment.   Doc. 16.   Williams seeks a default judgment against Defendant Alo Aesthetics LLC (Alo) that includes statutory damages, attorney's fees, interest, and an injunction.   For the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion for default judgment and enters final judgment in favor of Williams.

**I. Background**

Williams is a freelance photographer specializing in beauty and fashion photography.   Because her livelihood depends on being compensated for her work, Williams copyrights her photographs.   One such copywritten work is a photograph of a woman with blonde hair falling in front of her face (Angelia Photograph).

Alo is a cosmetic medical spa based in Rockwall, Texas.   It owns and operates

1

an Instagram and Facebook account to market its business.    Williams discovered that Alo posted the Angelia Photograph on both their Facebook and Instagram pages without her consent or purchase of a license to use it (Infringing Posts). Additionally, Alo's post covered the watermark Williams applied to show the work was hers.

Williams subsequently filed this suit and served Alo with a complaint regarding the Infringing Posts.    (**Doc. 16 at 4**).    Alo has failed to answer.    (***Id.***). As a result, the Clerk of the Court made an entry of default as to Alo.    (**Doc. 15**).

## II. Legal Standards

Federal Rule of Civil Procedure 55(b)(2) provides that, in proceedings not involving a certain sum:

> the party must apply to the court for a default judgment.    A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.    If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.    The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial— when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
>
> (B) determine the amount of damages;
>
> (C) establish the truth of any allegation by evidence; or
>
> (D) investigate any other matter.[1]

A default requires a court to accept as true a plaintiff's well-pled allegations in a

---

[1] FED. R. CIV. P. 55(b)(2).

complaint.[2]

In determining whether to enter a default judgment, courts conduct a two-part analysis. First, courts examine whether a default judgment is appropriate under the circumstances.[3] Relevant factors (called the *Lindsey* factors) include: (1) whether disputes of material fact exist; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would be obliged to grant a motion from the defendant to set the default judgment aside.[4] Second, the Court assesses the merits of the plaintiff's claims and whether there is a sufficient basis in the pleadings.[5]

### III. Application

The Court deems the facts on liability to be admitted and finds Alo not to be incompetent, a minor, or a member of the military because it is a corporation. While Rule 55 of the Federal Rules of Civil Procedure allows for hearings, it does not command them.[6] Williams's motion is supported by a declaration.[7] As a result, a

---

[2] *See, e.g.*, *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 499 (5th Cir. 2015) (a complaint is well-pled when "all elements of [a] cause of action are present by implication"); *Matter of Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992) ("It is universally understood that a default operates as a deemed admission of liability.").

[3] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

[4] *Id.*

[5] *Nishimatsu Constr. Co., Ltd. v. Hou. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

[6] FED. R. CIV. P. 55.

[7] Doc. 16-1.

ruling without a hearing is proper.

## A. Procedural Appropriateness of Default Judgment

The Court now turns to the six *Lindsey* factors.   First, there are no material facts in dispute because Alo has failed to appear or otherwise defend the action. Second, Alo's failure to defend the action has brought adversarial proceedings to a halt and thus has prejudiced Williams.   Third, default is proper due to Alo's failure to appear via licensed counsel to defend this action.   Fourth, Alo has not offered any evidence that it is acting under a good faith mistake or excusable neglect.   Fifth, nothing suggests that it would be too harsh to enter default judgment against Alo, who received ample notice of the action and sufficient time to respond.   The sixth factor is whether the Court would grant a motion to set aside the default.   Alo's lack of defense indicates a lack of good cause for the Court to set aside the default judgment.   Thus, the Court concludes that a default judgment is appropriate under these circumstances.

## B. Sufficiency of Williams's Claim

Next, the Court must assess the merits of Williams's copyright infringement claim.   Although Alo, by virtue of its default, is deemed to have admitted Williams's well-pled allegations, the Court must nonetheless review the complaint to determine whether it established a viable claim for relief.[8]

Copyright infringement occurs when a plaintiff can show (1) ownership of a

---

[8] *Nishimatsu Constr. Co., Ltd.*, 515 F.2d at 1206.

copyright, and (2) defendant's copying of original elements of the work.[9]    To prove a defendant committed willful infringement, "the plaintiff must show (1) that the defendant as aware of the infringing activity, or (2) that the defendant's actions were the result of reckless disregard for, or willful blindness to, the copyright holder's rights."[10]

Williams is entitled to default judgment because she has demonstrated each of these two elements.    First, Williams submitted evidence of the Angelia Photograph's copyright protection.[11]    Second, Williams submitted evidence that the watermark was covered by Alo—indicating Alo was aware of the infringing activity.[12]

Additionally, under 17 U.S.C. § 1202(b), "[n]o person shall, without the authority of the copyright owner or the law intentionally remove or alter any copyright management information."[13]    Williams submitted evidence that the watermark was altered in the Infringing Posts.[14]

Because these allegations are enough to raise Williams's right to relief above the speculative level, the Court finds that default judgment is warranted here.[15]

Accordingly, Williams's claim is substantively meritorious.    While default

---

[9] *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

[10] *Berg v. Symons*, 393 F. Supp. 2d 525, 539 (S.D. Tex. 2005) (cleaned up).

[11] Doc. 16–2, Exhibit B.

[12] *Id.* Exhibit E.

[13] 17 U.S.C. § 1202(b)

[14] Doc. 16–2, Exhibit E.

[15] *See Wooten*, 788 F.3d at 498.

judgments are "a drastic remedy, not favored by the Federal Rules," Williams's entitlement here is beyond dispute.[16]   Thus, the Court must next "determine what form of relief, if any, the plaintiff should receive."[17]

### C. Damages

Williams seeks $19,300 for statutory damages, as well as $5,810 in attorney's fees and of costs.

*Statutory Damages*

The copyright infringement claim allows statutory damages of $750–$30,000[18], which can increase to up to $150,000 for willful violations.[19]   And the claim for alteration under 17 U.S.C. § 1202 (covering the watermark) has a statutory damages range of $2,500 to $25,000.[20]

On the infringement claim, Williams presents evidence that she "has charged $5,600 for use of a single image."[21]   That's vague.   It's the only thing we have to go on, though.   Because only awarding the amount a defendant would have been charged for a license fee is insufficient to deter piracy, courts generally award two to three times such an amount.[22]   Here, the Court will award $10,800—two times what

---

[16] *See Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (1989).

[17] *J&J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 814 (N.D. Tex Aug. 28, 2015) (Boyle, J.).

[18] 17 U.S.C. § 504(c)(1).

[19] *Id.* § 504(c)(2).

[20] *Id.* § 1203(c)(3)(B).

[21] Doc. 16-2.

[22] *See G&G Closed Circuit Events LLC v. Dallas Tacos Pancho Inc.*, No. 3:23-CV-2778-S, 2025 WL 1757296, at *6 (N.D. Tex. May 15, 2025) (Horan, M.J.) ("A reasonable award is around two to three

Williams has charged for one photograph in the past.    Williams requested a three-fold award, but her thin baseline evidence doesn't justify it.

And on the alteration claim, the Court will award the requested statutory minimum of $2,500 for the removal of Williams's watermark from the photograph.[23] In total, the Court awards $13,300.00 in statutory damages in this action.

*Attorney's Fees and Costs*

Williams seeks an award of $4,140 in attorney's fees and $1,670 in costs under 17 U.S.C. § 505.    Counsel provided evidence of the requested attorney's fees according to the lodestar method.[24]   Counsel also provided evidence of the costs.[25]

The Court finds counsel's hourly rate of $450 an hour for copyright infringement litigation and his 9.2 hours worked on the matter (proven by line-item entries) to be reasonable and necessary.[26]

Williams is additionally entitled to costs of Court.   Williams, however, seeks $405 in expenses incurred by its filing fee, and $1,215 in expenses incurred by attempts to serve Alo with process. To the extent those amounts consist of taxable costs[27] they are to be sought through the bill-of-costs procedure set forth in Federal

---

times what would have been the cost to Defendants had they followed the law."), report and recommendation adopted, No. 3:23-CV-2778-S, 2025 WL 1756378 (N.D. Tex. June 25, 2025) (Scholer, J.).

[23] 17 U.S.C. § 1203(3)(B).

[24] Doc. 16–2, Exhibit G.

[25] *Id.* Exhibit H.

[26] *Id.* Exhibit G.

[27] 28 U.S.C. § 1920.

Rule of Civil Procedure 54(d)(1), in the first instance before the Clerk of Court. Accordingly, the Court declines to award the requested expenses in this Order. Williams may file a bill of costs with the Clerk of Court within 14 days of this Order to seek any taxable costs to which she contends she is entitled.

Finally, Williams is entitled to post-judgment interest as allowed by law.[28]

## D. Injunctive Relief

Finally, Williams moves for permanent injunctive relief but fails to brief the Court on the issue.   And there is good reason for the Court to not award monetary and injunctive relief because of the "basic and intuitive logic that the compensatory damages award and the injunction should not be duplicative."[29]   Accordingly, the Court **DENIES** the request for a permanent injunction.

## V. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Williams's motion for default judgment against Defendants.   The Court awards Williams $13,300.00 in statutory damages, $4,140.00 in attorney's fees,

---

[28] *See* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . .   Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.").   The 1-year average Treasury yield on June 25, 2026, was 3.96%.   *See* Selected Interest Rates (Daily) - H.15, Board of Governors of the Federal Reserve System, March 30, 2026, *at* https://www.federalreserve.gov/releases/h15/;   Williams    requested    both    pre-judgment    and post-judgment interest in her complaint.   However, in Williams's motion for default judgment, she requested only pre-judgment interest but fails to brief the issue.   In her proposed order, she requests only post-judgment interest, which is her statutory right. Therefore, the Court awards her post-judgment interest.

[29] *Computer Scis. Corp. v. Tata Consultancy Servs. Ltd.*, 159 F.4th 429, 448 (5th Cir. 2025).

post-judgment interest of 3.96%.   However, the Court **DENIES** Williams's request for injunctive relief and costs.   This is a final judgment.   All other relief not expressly granted is denied.

**IT IS SO ORDERED** this 2nd day of July, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

9